Kathy L. Kacal v. Rebecca A. Cohen, et al.















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-143-CV

Â Â Â Â Â KATHY L. KACAL,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â REBECCA A. COHEN, ET AL.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellees
 

From the 40th District Court
Ellis County, Texas
Trial Court # 55,228
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Kathy L. Kacal filed suit against Appellees for defamation, discriminatory employment
practices, and related causes of action. The court granted Appelleesâ motion for summary
judgment and rendered a take nothing judgment against Kacal. 
Â Â Â Â Â Â Kacal timely filed a notice of appeal by depositing her notice in the mail on May 16, 1999. 
See Tex. R. App. P. 9.2(b)(1). The reporterâs record was filed in this Court on June 1, and the
clerkâs record was filed on July 5. The Court has granted Kacal one extension of time for filing
her brief. Although her brief was due on September 7, no appellantâs brief has been filed. Id.
38.6(a).
Â Â Â Â Â Â Appellate Rule 38.8(a)(1) provides that if an appellant fails to timely file her brief, the Court
may:
dismiss the appeal for want of prosecution, unless the appellant reasonably explains the
failure and the appellee is not significantly injured by the appellantâs failure to timely file
a brief.

Id. 38.8(a)(1).
Â Â Â Â Â Â More than thirty days have passed since Kacal's brief was due. We notified her of this defect
by letter on September 16. Id. 42.3, 44.3. She has not responded to our letter by requesting an
extension or by showing grounds for continuing the appeal, nor has she provided a reasonable
explanation for failing to file a brief. Id. 42.3, 38.8(a)(1). Therefore, this appeal is dismissed for
want of prosecution. Id. 38.8(a)(1).
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM
Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Dismissed for want of prosecution
Opinion delivered and filed October 13, 1999
Do not publish



mal style='text-align:justify;line-height:200%'>   After reviewing the evidence in light
of the deference afforded the trial court, we find the trial court did not err
in determining DavenportÂs testimony to be not credible and StuartÂs testimony
to be credible.Â  On this basis then, the trial court did not err in its determination
that Johnson lacked standing to contest the search.Â  Because we find the trial
court did not err, we need not address JohnsonÂs remaining arguments under his
first issue.Â  Accordingly, JohnsonÂs first issue is overruled.

Article 38.23 Instruction

Â Â Â Â Â Â Â Â Â Â Â  Johnson argues in his second issue
that the trial court erred in denying his request for a jury charge instruction
under article 38.23 of the Texas Code of Criminal Procedure.Â  Tex. Code Crim. Proc. Ann. art.
38.23(a) (Vernon 2005).Â  

Â Â Â Â Â Â Â Â Â Â Â  A defendant's right to the submission
of jury instructions under Article 38.23(a) is limited to genuine, disputed
issues of fact that are material to his claim of a constitutional or statutory
violation that would render evidence inadmissible.Â  Madden v. State, 242
S.W.3d 504, 509-510 (Tex. Crim. App. 2007).Â  To raise a disputed fact issue
warranting an Article 38.23(a) jury instruction, there must be some affirmative
evidence that puts the existence of that fact into question. Â Id. at
513.Â  In this context, a cross-examiner's questions do not create a conflict in
the evidence, although the witness's answers to those questions might.Â  Id.Â  

Â Â Â Â Â Â Â Â Â Â Â  In his brief, Johnson does not state
what affirmative evidence put the legality of the search into question.Â  As the
 El Paso Court has appropriately stated:

It is the Appellant's burden to discuss []
assertions of error.Â  An appellate court has no duty--or even right--to perform
an independent review of the record and applicable law to determine whether
there was error.Â  Were we to do so, Â Â we would be abandoning our role as
neutral adjudicators and become an advocate for that party. 

Â 

Valadez v. Avitia, 238 S.W.3d 843, 845 (Tex. App.ÂEl Paso 2007, no
pet.).Â  The requirement is no different for appellants in criminal cases.Â 
Accordingly, this issue is inadequately briefed and is overruled.Â  Tex. R. App. P. 38.1; McCarthy v.
State, 65 S.W.3d 47, 49 n.2 (Tex. Crim. App. 2001).Â  

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  Having overruled each issue on appeal,
we affirm the trial courtÂs judgment.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Before
Chief Justice Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Reyna, and

Â Â Â Â Â Â Â Â Â Â Â  Justice
Davis

Affirmed

Opinion
delivered and filed October 20, 2010

Do
not publish

[CRPM]